IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY BIGGINS,

    Plaintiff,

  vs.

SCOT KERNAN,

    Defendant.

No. 2:17-cv-0526-TLN-CMK-P

FINDINGS AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172,

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations are somewhat unclear. He states he was informed about a data breach, wherein his confidential information may have been compromised. Attached to the complaint, and referred to by plaintiff, is a letter from California Correctional Health Care Service (CCHCS) notifying plaintiff of the "potential breach." The letter states that an unencrypted laptop was stolen from a CCHCS workforce member's personal vehicle, but that it is unknown if "any sensitive information was contained in the laptop" and that the laptop was password protected. Plaintiff states his claims are negligence, and indicates possible claims of violation of the First, Eighth and Fourteenth Amendments.

## II. DISCUSSION

There are several defects in plaintiff's complaint. First, plaintiff has failed to name a proper defendant. Section 1983 imposes liability upon any person who, acting under color of state law, deprives another of a federally protected right. 42 U.S.C. § 1983 (1982). "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986).

In his complaint, the only defendant plaintiff has named is the Secretary of the California Department of Corrections and Rehabilitation (CDCR), Scott Kernan. Plaintiff alleges defendant Kernan is liable and responsible for all CDCR employees. To state a claim

under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, plaintiff fails to allege any actual facts alleging defendant Kernan was personally involved in any way in the possible data breach. Rather, it appears plaintiff is attempting to hold defendant Kernan liable for the actions of others based on his supervisorial position. However, supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676. Plaintiff fails to allege any connection between defendant Kernan and the alleged possible data breach.

The only other defendants named in the complaint are DOE defendants. Doe defendants are not favored in the Ninth Circuit as a general policy. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). However, in situations where the identity a defendant is not known prior to the filing of a complaint, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id. (citing Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir.1978); see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

The DOE defendants plaintiff has included in his complaint are identified as CCHCS employees who caused the breach of plaintiff's personal information. Again, plaintiff fails to allege facts specific to these defendants, except conclusory allegations that they "caused the breach." While this defect may be subject to cure, other defects in the complaint are not as set forth below. Therefore, whether or not plaintiff could amend his complaint to set forth sufficient factual allegations as to these defendants, and whether or not use of discovery would uncover the identities of these defendants, is immaterial.

Next, plaintiff's only actual claim set forth in the complaint is for negligence. As set forth above, § 1983 only imposes liability for deprivation of one's rights secured by the Constitution or federal statutes. See Gibson, 781 F.2d at 1338. Negligence is the only

4

specifically identified claim in the complaint, which is a state law claim and is insufficient basis for an action under 42 U.S.C.§ 1983. To the extent plaintiff attempts to state a claim for violation of First, Eight or Fourteenth Amendment rights, he fails to allege any facts for any such violation. It would appear that plaintiff may be attempting to state a claim under Due Process Clause. However, the complaint fails to do so. The Due Process Clause protects prisoners from being deprived of property without due process of law. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Negligence is insufficient to support a claim of denial of due process. See Davidson v. Cannon, 747 U.S. 344, 347 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required."). Any other potential claim is unclear.

        Finally, plaintiff is required to establish standing for any claim he attempts to assert. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). If a plaintiff has no standing, the court has no subject matter jurisdiction. See Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n. 11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction."). There are three requirements that must be met for a plaintiff to have standing: (1) the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is both concrete and particularized and actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. See Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). In this case, although plaintiff may have constitutional right to privacy of his medical information, whether or not his right to privacy was breached is unknown. See Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in

avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality.") (citing Doe v. Attorney Gen. of the United States, 941 F.2d 780, 795 (9th Cir. 1991)).

The possible disclosure of plaintiff's personal information, and therefore any injury, is entirely speculative. It is clear from the complaint and attachments thereto that it is unknown if his information was on the laptop. While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"). The speculative injury plaintiff alleges, where it is unknown whether plaintiff's information was on the potentially compromised laptop, is simply insufficient to provide plaintiff standing. Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information, and his claim for violation of his constitutional right to informational privacy must be dismissed without prejudice for lack of standing. See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. See id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful

consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. See <u>Cato</u>, 70 F.3d at 1005-06. As set forth above, given plaintiff's lack of standing, any amendment to his complaint would be futile, and no leave to amend should be granted.

### III. CONCLUSION

Plaintiff's complaint fails to show he has standing to bring this action as his injury is too speculative to support a claim. In addition, the complaint fails to state a claim. Such defects are not subject to cure, and no leave to amend should be granted.

Based on the foregoing, the undersigned recommends that plaintiff's complaint be dismissed, without leave to amend, for failure to allege standing and failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE